# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:09CV-143-R

**KENNETH SCOTT HARRIS**                                                       **PETITIONER**

**v.**

**UNITED STATES OF AMERICA**                                                **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Kenneth Scott Harris's *pro se* petition for writ of error *coram nobis*. The Court construes the petition as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and will provide Harris with an opportunity to withdraw the petition or amend it to include all of his claims.

In the petition, Harris states that he was convicted in this Court of conspiracy to commit mail fraud and sentenced on January 16, 2008, to incarceration for one year and one day, supervised release for a term of three years, and ordered to pay restitution in the amount of $341,618.00. Harris states that he is not currently in custody but that he is on supervised release. Harris's petition challenges the validity of his conviction and sentence asserting that he is actually innocent of the crime of conspiracy to commit mail fraud, that the restitution imposed was in error, and that his counsel provided ineffective assistance.

With rare exception, § 2255 provides an exclusive remedy to federal prisoners who challenge the validity of a conviction or sentence. *See* 28 U.S.C. § 2255(e); *In re Lipscomb*, 408 F.2d 1003, 1004 (6th Cir. 1969); *see also Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999) (describing circumstances in which federal prisoners may not circumvent § 2255 because they failed to establish that the remedy afforded under § 2255 was inadequate or ineffective);

*Gonzalez v. Crosby*, 545 U.S. 524, 531-33 (2005) (holding that a state prisoner's motion for relief from judgment, designated as motion under Rule 60(b) of the Federal Rules of Civil Procedure, constituted a habeas petition because it advanced one or more substantive claims).

"*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character – *e.g.*, errors rendering the proceedings themselves invalid." *United States v. Lee*, 237 F.3d 751, 755 (6th Cir. 2001) (citing *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996)). The writ of *coram nobis* is available only "when a § 2255 motion in unavailable – generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Id.* (citing *Blanton*, 94 F.3d at 230). A defendant completing his supervised release is "in custody" for purposes of § 2255, and the writ of *coram nobis* is therefore not available to him. *United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006). Because Harris is still serving his sentence on supervised release, he can only challenge the validity of his conviction by means of a motion to vacate the sentence under 28 U.S.C. § 2255. *Id.* at 517-18 (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (holding that the custody requirement for habeas corpus is met even though the prisoner was on parole); 28 U.S.C. § 2255 (writ of habeas corpus pertains to those in "custody")).

Observing certain precautions, a court may construe an unlabeled or mislabeled *pro se* motion or re-characterize it as one brought under § 2255 because of the nature of the relief sought or because the motion challenges the validity of the conviction. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Before re-characterizing the motion, a court must notify the *pro se* litigant and warn that § 2255 restricts and often bars second or successive motions. *See* § 2255(h); *Castro*, 540 U.S. at 383. **If a**

**federal prisoner fails to include all of his claims in an initial § 2255 motion, he may lose any other claims if he tries to assert them later.**

This Court will thus provide Harris with an opportunity to withdraw the document or to amend it so that it contains all of the claims that he believes that he has.

**WHEREFORE, IT IS ORDERED** as follows:

(1) **No later than thirty (30) days** from the date of this Order, Harris must notify the Court whether he wants to withdraw the document or amend it.

(2) If Petitioner would like the Court to proceed with a review of the document as a § 2255 motion, then he must fill out the enclosed form for seeking relief pursuant to 28 U.S.C. § 2255, including all challenges that he wishes to make regarding his federal sentence, and return it to the Court.

(3) **Failure to respond to this Order within thirty (30) days will result in recharacterization of the document as a § 2255 motion.**

The **Clerk of Court is directed** to provide Harris with the court-approved form to be used when seeking relief under 28 U.S.C. § 2255.

Date:

cc:    Petitioner, *pro se*
4413.010